## New York Marine Court.

### Special Term—January 21, 1876.

## WILLIAM A. NUGENT *against* JOHN GARVEY.

The law relating to attachments issuing out of the marine court of the city of New York, as it existed prior to the adoption of section 3169 of the new Code of Civil Procedure, with reference to non-residents of the county.

Motion to vacate attachment.

*George C. Genet,* for the motion.

*Field & Minor,* opposed.

McADAM, J.—The defendant is a resident of Richmond county, and on that account an attachment in the form prescribed by the code was issued against his property. The defendant moves to vacate it, upon the ground that such an attachment can only issue against a non-resident of the State, and not against a mere non-resident of the county.

The act of 1831 (ch. 300, § 33, *McAdam's Marine Court Pr.* 1 ed. p. 33, and 2 ed. p. 77) authorizing attachments against the property of non-residents of

the county, was by section 47 of said act made appli-
cable to the marine court, and it has ever since exer-
cised the jurisdiction so conferred. The attachment
authorized by said act was deemed *original* process
by which the action was commenced (*McAdam's
Marine Court Pr.* 1 ed. p. 41), and continued to be such
until the act of 1872 (ch. 629, § 5), providing that "all
actions brought in the said court shall be commenced
by the service of a summons of like form and sub-
stance, and in manner as in the other courts of record,
and the practice for the commencement of actions,
proceedings therein, and that relating to pleadings and
demurrers, and to the conduct of such actions and
proceedings, are hereby declared and made applicable
in all respects to actions and proceedings in said marine
court."

This section dispensed with the return of the mar-
shal, and with the formal proceedings previously had
upon the return day of the attachment, by assimilating
all these things to the practice upon attachments under
the Code.

The form of the attachment was also changed, and
instead of that previously used the act of 1872 (ch. 639,
§ 2), provides, " that the forms of process and proceed-
ings prescribed by the Code of Procedure for and now
in use in actions, proceedings and remedies in the other
courts of record, shall be used in the said marine court
of New York, *as near as may be*, and all actions, pro-
ceedings, and remedies shall be had before the said
court, in the same manner of pleading and proceeding
as they are now had before the said courts of record,
except when and as otherwise directed by this act."
The words "as near as may be," require the form to
be exactly similar, unless such similarity be for some
practical reason rendered impossible. No one will
doubt the power of the Legislature to fix or alter at

pleasure the form of process or proceedings issuing out of any court.

.   ' The form of the attachment used in the present case was "as near as may be" to that prescribed by the Code.

The writ need not be signed by the clerk. His signature to an attachment or a summons is no longer required. He was formerly required' to sign both ; since the act of 1872, the attorney issuing the writ subscribes it (as in the courts of record) instead of the clerk. In other words, the form and practice are assimilated as much as possible to that prescribed by the Code.

It is evident that the legislation of 1872 was not designed to take away the right to issue an attachment against a non-resident of the county ; it was designed to *enlarge* and not diminish the jurisdiction of the marine court.

'Prior to that act it issued attachments against non-residents of the state, as well as non-residents of the county, for a non-resident of the state is necessarily a non-resident of the county, while it by no means follows that a non-resident of the county must necessarily be a non-resident of the state (see Johnson *v.* Lowry, 15 *Am. R.* 655).

The intention of the Legislature to continue the power of issuing attachments against non-residents of the county (with the change of form before noted) is expressed in these words, "an attachment against property may issue in an action in the said court for like causes, and in the manner, and with like effect as allowed and prescribed by the provisional remedy of the Code of Procedure, *and for causes allowed by existing law in the said marine court.*"

The then existing. law referred to in the act of 1872 (*supra*) is contained in the act of 1831 (*supra*).

These citations establish the propriety of the form

of attachment used, as well as the power of the court to issue the writ ; and Churchill v. Marsh (4 *E. D. Smith*, 369) is an authority showing the power of the court to issue an attachment to its full moneyed jurisdiction as increased from time to time.

Another change of form might be mentioned. Prior to 1872, the security required upon issuing an attachment was in the form of a bond (*McAdam's Marine Court Pr.* 1 ed. pp. 135, 138) ; since the act of 1872, the security required has been the undertaking prescribed by the Code.

The practice followed in the present case has been in strict accordance with what the legal profession in general as well as the justices of this court (each acting independently of the other) have accepted and acted upon as the settled law upon the subject.

No sufficient argument or authority has been presented that will warrant me in overturning the settled practice of the court, or in even throwing doubt upon it.

The motion to vacate the attachment will therefore be denied.

This opinion was approved of and affirmed in 11 *Hun*, 433, and was cited and followed in Fielding v. Lucas, 60 *How. Pr.* 134, and subsequently by the court of appeals in the same case (13 *Reporter*, 209).